UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THERESA R. W.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:21-CV-5336-DWC

ORDER

       Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

       After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he evaluated the medical opinion evidence. As this impacted the final disability determination, the ALJ's error is therefore harmful, and this matter is reversed and remanded

ORDER - 1

pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On February 9, 2016, Plaintiff filed applications for DIB and SSI, alleging disability as of December 31, 2001. *See* Dkt. 10, Administrative Record ("AR") 197–212. The applications were denied upon initial administrative review and on reconsideration. *See* AR 73–74, 87–88. A hearing was held before Administrative Law Judge ("ALJ") Cynthia Rosa on April 16, 2018. *See* AR 30–57. In a decision dated June 26, 2018, ALJ Rosa determined Plaintiff to be not disabled. *See* AR 7–26. Plaintiff's request for review of ALJ Rosa's decision was denied by the Appeals Council, making ALJ Rosa's decision the final decision of the Commissioner. *See* AR 1–6; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff sought review of the ALJ's decision in this Court, and on April 21, 2020, this Court remanded Plaintiff's case by stipulation of the parties. *See* AR 1338–41. On July 18, 2020, the Appeals Council remanded the case for a new hearing. AR 1342–49. This new hearing was held before ALJ Derek Johnson on December 4, 2020. *See* AR 1284–1311. On January 6, 2021, ALJ Johnson issued a new decision in which he found Plaintiff to be not disabled. *See* AR 1227–55.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by improperly evaluating the opinion of a medical source. Dkt. 15, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

**I. Whether the ALJ Properly Evaluated the Medical Opinion Evidence**

Plaintiff assigns error to the ALJ's evaluation of a medical opinion from John Adler, Psy.D. Dkt. 15, p. 2.

    **A. Medical Opinion Standard of Review**

Pursuant to applicable case law, in assessing an acceptable medical source, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).[1] When a treating or examining doctor's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

    **B. Opinion of Dr. Adler**

John Adler, Psy.D., an examining psychologist, reviewed Plaintiff's medical records and performed a clinical interview and mental status examination on June 3, 2016. AR 1019–24. Dr. Adler diagnosed Plaintiff with post-traumatic stress disorder and unspecified depressive disorder, and wrote that

> [Plaintiff] reported frequent panic attacks, but also nightmares and sleep problems where she relives past abusive situations. Her office behavior showed signs of distrust, fear and cautiousness, and this suggests impairment coping with stress (she was also hospitalized only one week ago for suicidal ideation, and for

---

[1] The Administration has amended regulations for evaluating medical evidence, but the amended regulations apply only to claims filed on or after March 27, 2017 and therefore are not relevant to this case. *See* 20 C.F.R. §§ 404.1527, 416.927 (applicable to claims filed before March 27, 2017); 20 C.F.R. §§ 404.1520c, 416.920c (applicable to claims filed after March 27, 2017).

| | |
|---|---|
| 1 | the past two weeks has been instructed not to perform much of any daily chores). The client is appropriate and pleasant socially, but cautious as noted above. Her cognitive skills were not a major problem, and she is able to understand and remember simple instructions. She actually performed well (during history and mental tasks) with more complex instructions/tasks, as they pertain to understanding, memory, concentration and attention. However, she did seem credible when describing how she has frequent episodes of much higher anxiety, and at those times, it seems more possible that her focusing and task completion is not so good. She also provided many details in the history that are consistent with those claims, including multiple work settings at her most recent jobs. The other records provided are also consistent with mood and coping problems. |

AR 1022–23.

The ALJ gave this opinion "some weight," finding Dr. Adler's opinion that Plaintiff would have difficulty coping with stress and more difficult tasks, and dealing with others, due to anxiety was consistent with treatment notes and records. AR 1244. The ALJ went on to find that Plaintiff's ability to travel, maintain relationships, attend school, raise children, work part-time, and pursue litigation "demonstrates the ability to perform activities consistent with the residual functional capacity." *Id.*

While the ALJ gave Dr. Adler's opinion "some weight," the ALJ did not actually identify what portion of the opinion he intended to reject—instead, only stating that Plaintiff's activities showed a residual functional capacity ("RFC") that was greater than the abilities assessed by Dr. Adler, but not rejecting any specific limitations. Plaintiff avers that the ALJ erred by discounting Dr. Adler's opinion to the extent it is inconsistent with the ALJ's RFC assessment. Dkt. 15, p. 5. The Commissioner responds by arguing that the ALJ's decision accounts for all of Dr. Adler's opined limitations, and "there is no requirement for the ALJ to use the same language used by any particular doctor." Dkt. 16, p. 2.

In *Laborin v. Berryhill*, 867 F.3d 1151 (9th Cir. 2017), the Ninth Circuit addressed a situation similar to that which is presented here. Therein, the ALJ discounted a claimant's

ORDER - 4

testimony to the extent it was inconsistent with the RFC assessment. *Id.* at 1152. The Ninth Circuit observed that an ALJ assesses a claimant's RFC "based on all the relevant evidence in the case record," including the "medical evidence," the claimant's testimony, and descriptions and observations provided by "family, friends, and other people." *Id.* at 1153 (citation, quotation marks, and brackets omitted). The Ninth Circuit thus held that the ALJ erred by discounting the claimant's testimony to the extent it was inconsistent with the RFC assessment, because such a finding "'inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the [relevant evidence in the case] record . . . and only *then* to determine the claimant's RFC.'" *Id.* at 1154 (quoting *Trevizo v. Berryhill*, 862 F.3d 987, 1000 n.6 (9th Cir. 2017)). The Ninth Circuit also held that the error was not harmless because the ALJ failed to provide other, legally sufficient reasons for discounting the claimant's testimony. *Id.* at 1155–56.

As in *Laborin*, the ALJ in this case erred by discounting Dr. Adler's opinion to the extent it was inconsistent with the ALJ's RFC assessment. *See Mickei L.B. v. Commissioner of Social Security*, No. C18-6048-TLF, 2020 WL 1502931, at *4 (W.D. Wash. Mar. 30, 2020) (citing *Laborin* for proposition that "the ALJ must consider medical evidence in assessing the RFC, and cannot then discredit such evidence because it is inconsistent with that RFC," and thus holding that the ALJ's evaluation was not supported by substantial evidence on this basis); *see also Laborin*, 867 F.3d at 1154 (noting that the RFC "must be based on the evidence, . . . rather than forcing the [relevant evidence] into a foregone [RFC] conclusion") (citation omitted).

The remaining question is whether the ALJ provided other specific and legitimate reasons for discounting this portion of Dr. Adler's opinion, and if the ALJ did, the above error is harmless. *See id.* (explaining that rejecting evidence on the ground that it is inconsistent with the

ALJ's RFC assessment "is not, by itself, reversible error and can be harmless") (citation omitted).

The ALJ also discounted Dr. Adler's opinion on the basis that it was inconsistent with evidence that Plaintiff "has traveled, maintained relationships, attended school, raised children, worked part-time, and pursued litigation." AR 1244 (citing AR 614–17, 1020, 1111, 1115–16, 1319–22, 1591–94). But the ALJ does not explain how these activities require the sort of sustained focus and task completion that is typical of the competitive full-time work environment. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). The ALJ's citations to the record indicate that Plaintiff's part-time work experience was informal—her most recent job consisted of helping her spouse in the office—and unsuccessful, as she did not last for a long time in any of her jobs. *See* AR 1020. Plaintiff's ability to pursue litigation, without more, is also not inconsistent with Dr. Adler's opinion; if the ability to pursue litigation were indicative of the ability to work, the disability appeals process would be rendered largely superfluous. Finally, as for traveling, attending classes, and raising children, it was error for the ALJ to assert any contradiction between activity and the purported limitations without identifying the activities that were involved. *See Trevizo*, 871 F.3d at 676 (ALJ's repeated reference to childcare activities did not constitute a "specific and legitimate" reason for rejecting doctor's opinion, where the ALJ did not provide any details as to what said childcare activities involved).

The ALJ erred in relying on Plaintiff's activities to discount Dr. Adler's opinion. Because the ALJ did not provide any other specific and legitimate reasons for rejecting this portion of the opinion, the ALJ's evaluation was not supported by substantial evidence.

**C. Harmless Error**

The ALJ erred in evaluating the opinion of Dr. Adler. While the ALJ erred, the Court must determine whether this error was harmless. Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118–1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. §2111)).

In this case, the ALJ's error was not harmless. Had the ALJ properly considered the opinion of Dr. Adler, the ALJ may have incorporated limitations opined therein into Plaintiff's RFC. Had the ALJ incorporated such limitations, in turn, the ultimate disability determination may have changed. Accordingly, the ALJ's error was not harmless and requires reversal.

**II. Remand for Additional Proceedings**

The parties agree that, if this Court finds harmful error in the ALJ's decision, the Court should remand the case for an award of benefits. Dkt. 15, p. 7; Dkt. 16, p. 3. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo*, 871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the

ALJ's errors, it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

In this case, the Court has directed the ALJ to re-evaluate medical opinion evidence. *See* Section I., *supra*. Because outstanding issues remain regarding the medical opinion evidence and the RFC, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 20th day of January, 2022.

David W. Christel
United States Magistrate Judge